[Civ. No. 25145. Third Dist. Oct. 31, 1986.]

ANN CLARKE VANN, Plaintiff and Appellant, v.
GEORGE MEESE, as Director, etc., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to rule 976.1 of the California Rules of Court, the "Unpublished Portion of Opinion" shall not be published.

## COUNSEL

Martin, Crabtree, Schmidt & Zeff and Walter J. Schmidt for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Charles C. Kobayashi and Denise Eaton, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**SIMS, J.**—Ann Vann appeals from an order denying her petition for a writ of mandate which sought to compel the director of the Department of Motor Vehicles to set aside an administrative order suspending her driving privilege for six months. The suspension order was based on appellant's refusal to submit to chemical testing for blood alcohol level following her arrest for driving under the influence (Veh. Code, § 13353; all further statutory references are to the Vehicle Code).

In an unpublished portion of the opinion, we reject appellant's contention the evidence is insufficient to support the finding that she was capable of refusing to submit to chemical testing. Here, we reject appellant's argument that the license suspension must be set aside because the arresting officer told her she could take a breath test even though the test was not available at the hospital to which she had been taken. We shall therefore affirm the judgment.

### FACTS RELEVANT TO APPELLANT'S CONTENTION HER LICENSE SUSPENSION MUST BE SET ASIDE BECAUSE THE IMPLIED CONSENT ADMONITION WAS UNLAWFUL

Appellant was found by a citizen after the car she was driving left the roadway and came to rest in an orchard.

A police officer arrived on the scene, noticed physical signs of appellant's alcohol intoxication, and placed her under arrest. Appellant was taken to a hospital that had no equipment to test the alcohol level of appellant's breath. Even though the officer knew the hospital could not administer a breath test, he read appellant the standard admonition that she could take a blood, urine, or breath test. She refused to take each test.

### DISCUSSION

Appellant contends her license suspension must be set aside because the officer's admonition about tests was unlawful.

At the time of appellant's arrest, section 13353, subdivision (a)(2)(A), provided in relevant part that one arrested for driving under the influence of alcohol "shall have the choice of whether the test shall be of his or her blood, breath, or urine, and the person shall be advised by the officer that he or she has such a choice."[1] However, section 13353, subdivision (a)(3)

---

[1]The implied consent law was recently reenacted and is now found at section 23157. (Stats. 1985, ch. 1330, § 3, eff. Jan. 1, 1986.) The pertinent language of the reenacted law remains substantially unchanged from that quoted above.

(now § 23157, subd. (a)(3)), then provided: "If the person is lawfully arrested for an offense allegedly committed in violation of Section 23152 or 23153, and, because of the need for medical treatment, the person is first transported to a medical facility where it is not feasible to administer a particular test of, or to obtain a particular sample of, the person's blood, breath, or urine, the person shall have the choice of those tests which are available at the facility to which that person has been transported. In such an event, the officer shall advise the person of those tests which are available at the medical facility and that the person's choice is limited to those tests which are available." (Stats. 1982, ch. 1341, § 4, p. 5005.)

Appellant contends the officer's admonition violated the statute because he told appellant she could take a breath test when he knew none was available at the hospital. The evident purpose of former section 13353, subdivision (a)(3), is to limit an arrestee's choice of tests to those available at a medical facility to which the arrestee has been transported for treatment. The statute is obviously designed to clarify what should happen when one or more of the standard battery of tests is unavailable at the medical facility. The statute appears to be an aid to law enforcement officers, who might otherwise be obligated, but unable, to furnish a standard test chosen by an arrestee.

Despite the apparent aim of the statute—to aid law enforcement—it remains true that the admonition of the arresting officer deviated from the statutory requirement, because he told appellant she could choose a breath test when in fact one was unavailable. However, it does not follow that the license suspension must be set aside. ■ "It is, of course, the trial court's function to determine whether the driver was in fact misled by inaccurate advice, and whether his refusal to submit to a test was a result thereof. [Citations.]" (*Decker* v. *Department of Motor Vehicles* (1972) 6 Cal.3d 903, 907 [101 Cal.Rptr. 387, 495 P.2d 1307].) ■ Here, the record contains no evidence that the officer's gratuitous inclusion of a breath test in his admonition had any causal effect whatsoever on appellant's refusal to take any test. In these circumstances, the license suspension need not be set aside. (See *McGue* v. *Sillas* (1978) 82 Cal.App.3d 799, 807-808 [147 Cal.Rptr. 354].)

UNPUBLISHED PORTION OF OPINION*

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

*See footnote, *ante*, page 1070.

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.